**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-196 (JRT/SRN) |
| Plaintiff, | |
| v. | |
| | **ORDER AFFIRMING** |
| | **MAGISTRATE JUDGE'S ORDER** |
| MICHAEL ROMAN AFREMOV, | **DATED JUNE 25, 2007** |
| FREDERICK JAMES FISCHER, and | |
| FOREMOST MACHINING COMPANY, | |
| INC., | |
| Defendants. | |

---

Joseph T. Dixon, III, and Henry J. Shea, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Joseph G. Petrosinelli and Craig D. Singer, **WILLIAMS & CONNOLLY L.L.P.**, 725 Twelfth Street NW, Washington DC, 20005; Steven E. Wolter, **KELLY & WOLTER, P.A.**, 431 South Seventh Street, Suite 2530, Minneapolis, MN 55415; for defendant Afremov.

Ronald I. Meshbesher, **MESHBESHER & SPENCE, LTD**, 1616 Park Avenue South, Minneapolis, MN 55404; Kevin J. Short, **SHORT LAW FIRM**, 150 South Fifth Street, Suite 3260, Minneapolis, MN 55402; for defendants Fischer and Foremost Machining Company, Inc.

This matter is before the Court on the parties' objections to the Order of United States Magistrate Judge Susan R. Nelson dated June 25, 2007. For the reasons set forth below, the Court affirms the Magistrate Judge's Order.

## BACKGROUND

On December 8, 2006, the prosecution filed an 18-count Superseding Indictment against defendants alleging mail fraud, conspiracy, money laundering, and false tax returns.[1] According to the Superseding Indictment, defendant Michael Afremov ("Afremov") was Vice President of Operations of AGA Medical, a Minnesota corporation that developed and manufactured medical devices. In that capacity, Afremov was responsible for selecting medical device vendors for AGA Medical. Afremov allegedly selected defendant Foremost Machining Company ("Foremost") as the sole source vendor to AGA Medical for certain medical parts. Defendant Frederick Fischer was the president of Foremost. The prosecution alleges that, from August 1998 until August 2002, Fischer directed Foremost to make periodic kickback payments to Advanced Technologies Corporation ("ATC"), a Minnesota corporation owned by Afremov and his wife. Afremov allegedly withdrew these funds from ATC and used them for his personal benefit.

Afremov filed numerous pre-trial motions[2] including motions for a bill of particulars and to compel production of *Brady* and Rule 16 materials. The prosecution filed a motion to compel production of attorney-client communications based on its claim

---

[1] On August 7, 2007, the prosecution filed a Second Superseding Indictment, which added two sentences to the prior indictment. The Second Superseding Indictment does not differ materially from the Superseding Indictment for purposes of this Order. The Court therefore refers to the "Superseding Indictment" throughout this Order.

[2] The Magistrate Judge granted the motion of defendants Fischer and Foremost to join in the motions submitted by Afremov.

that Afremov had asserted an "advice of counsel" defense in the case. In an Order dated June 25, 2007, the Magistrate Judge denied Afremov's motion for a bill of particulars and his motion to compel, and directed defendants to produce certain documents under Rule 16(b)(1) of the Federal Rules of Criminal Procedure by July 9, 2007. The Magistrate Judge also denied the prosecution's motion for discovery of attorney-client communications on grounds that Afremov had not asserted an "advice of counsel" defense and therefore had not waived the attorney-client privilege with respect to communications with his lawyer. The parties timely objected to these portions of the Magistrate Judge's Order.[3]

## ANALYSIS

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive discovery matters is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). Afremov objects to that portion of the Magistrate Judge's Order denying his motion for a bill of particulars and his motion to compel production of *Brady* and Rule 16 materials. The prosecution objects to the denial

---

[3] The Magistrate Judge denied the prosecution's Motion for Discovery [Docket No. 16], as well as Afremov's Motion for an Evidentiary Hearing Based on Prima Facie Evidence of Government Violations of Fed. R. Crim. P. 6(e) and Protective Order [Docket No. 95], Motion for Leave To File Additional Motions [Docket No. 103], and Joint Motion to Designate Case as Complex [Docket No. 28]. The parties have not objected to the Magistrate Judge's Order with respect to these motions. The Court therefore affirms the Order without discussion as it relates to these motions.

of its motion for discovery with respect to Afremov's communications with his lawyers. The Court discusses each argument in turn.

## I. MOTION FOR A BILL OF PARTICULARS

Afremov first argues that the Magistrate Judge's denial of his motion for a bill of particulars is clearly erroneous. According to Afremov, the Superseding Indictment fails to inform him of the specific conduct that the government seeks to punish. For example, Afremov contends that the Superseding Indictment alleges merely that Afremov made "false or fraudulent . . . representations or promises," gave "false testimony," executed "fraudulent agreements," and owed "duties" to AGA Medical and its shareholders, without identifying the specific illegal conduct in question. (Superseding Indictment at ¶¶ 2, 12.) According to Afremov, the Magistrate Judge erred by finding that the prosecution's discovery provided sufficient information to obviate the need for a bill of particulars. He contends that the large volume of documents provided by the prosecution increases, rather than mitigates, his need for a bill of particulars.

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). Under Rule 7(f) of the Federal Rules of Criminal Procedure, the Court "may direct the government to file a bill of particulars." A bill of particulars serves to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague or indefinite." *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002).

However, a bill of particulars is not intended to supplement discovery or to provide for the acquisition of evidentiary detail. *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982).

The Court agrees with the Magistrate Judge that the Superseding Indictment sets forth sufficient detail to allow the defendant to adequately prepare for trial and to avoid any risk of double jeopardy. The Superseding Indictment identifies with particularity the primary elements of a "garden variety" kickback scheme, including the relevant transaction dates, the payer and payee information, and the specific dollar amounts in question. The Court further determines that the specificity of the alleged fraudulent transactions identified in the Superseding Indictment serves to particularize the alleged concealment efforts identified in Paragraphs 2 and 12 of the Superseding Indictment. Thus, while the alleged concealment efforts, standing alone, lack the precision of the alleged fraudulent transactions, the Court finds they are sufficient in context to inform the defendants of the nature and the essential facts of the charges against them.

Nor is the Court convinced that the shear volume of discovery provided by the prosecution necessitates a bill of particulars in this case. Afremov argues, as one example, that he should not be forced to guess at what the prosecution alleges is "false testimony" by sifting through some 600 pages of deposition testimony from the underlying civil case in this matter. However, the Superseding Indictment makes clear that the alleged false testimony, and other concealment efforts, relate specifically to the alleged fraudulent transactions at the core of the "kickback" scheme. *See United States v. Booth*, 1999 WL 1192317, at *9 (S.D.N.Y. Dec. 14, 1999) (rejecting defendant's

argument that a bill of particulars was required because the government had provided "too much" information on grounds that the defendant knew precisely which underlying charges were alleged against him).  In short, the prosecution's production of documents does not require a bill of particulars because the Superseding Indictment adequately informs the defendants of the precise charges against them.

For these reasons, the Court concludes that the Magistrate Judge's Order denying Afremov's motion for a bill of particulars is not clearly erroneous or contrary to law. Accordingly, the Court affirms the Order and denies the motion.

## II.     MOTION TO COMPEL *BRADY* AND RULE 16 MATERIALS

Afremov objects to the Magistrate Judge's Order denying his motion to compel *Brady* and Rule 16 materials.  Afremov first argues that the prosecution has failed to provide the defense with exculpatory information pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).

Under *Brady v. Maryland*, the prosecution's failure to disclose evidence that is both favorable to the accused and material to the accused's guilt or punishment violates due process.  373 U.S. 83, 87 (1963).  Evidence related to the credibility of government witnesses is exculpatory and is encompassed within the requirements of *Brady*.  *Giglio*, 405 U.S. at 153-54; *United States v. Rushing*, 388 F.3d 1153, 1158 (8th Cir. 2004). However, *Brady* does not require the disclosure of exculpatory evidence well in advance of trial.  *See United States v. Kime*, 99 F.3d 870, 882 (8th Cir. 1996) (stating that *Brady* does not require pretrial disclosure "as long as ultimate disclosure is made before it is too

late for the defendant to make use of any benefits of the evidence") (internal citation omitted).

The Magistrate Judge denied Afremov's motion to compel *Brady* materials based on the prosecution's representations at oral argument that it would promptly disclose the remaining interviews and transcripts to the defense. The prosecution has now provided the relevant reports of interviews and grand jury testimony pursuant to its obligations under *Brady*. However, the prosecution has not provided information under *Giglio* because it has not yet determined which witnesses it will call at trial. The Court finds that the prosecution must, consistent with its representations to the Magistrate Judge during oral argument, produce the requested *Giglio* information no later than one week prior to trial. As such, the Court finds that the Magistrate Judge's Order denying as moot Afremov's motion to compel production of *Brady* materials is not clearly erroneous or contrary to law.

Afremov also argues that the prosecution has not provided confirmation that it has produced twenty-two categories of documents that are "material to preparing the defense" under Rule 16 of the Federal Rules of Criminal Procedure. The prosecution has represented that it has complied with its obligations under Rule 16. The Court knows of no additional requirement that the prosecution confirm that it has provided certain categories of documents so long as it represents that it has produced all relevant discovery under Rule 16. Indeed, a reasonable interpretation of the prosecution's representation that it has complied with Rule 16 is that it has indeed produced the twenty-two categories of documents requested by the defense, so long as those categories fall

within the discovery obligations of the prosecution under Rule 16.[4]  As such, the Court finds that the Magistrate Judge's Order denying Afremov's motion to compel under Rule 16 is not clearly erroneous or contrary to law.  Therefore, Afremov's motion is denied as moot.

Finally, the parties dispute the appropriate pretrial deadline for the defendants' Rule 16(b) disclosures.  According to Afremov, the Magistrate Judge's Order is inconsistent because it imposes on the defense a July 9, 2007 deadline for all information subject to disclosure under Rule 16 while at the same time granting Afremov's motion for a scheduling order that sets forth conflicting discovery deadlines.  Afremov argues that the proposed scheduling order provides an August 13, 2007 deadline for the defendants' disclosure of documents and objects under Rule 16(b)(1)(A) and an August 9, 2007 deadline for expert disclosures under Rule 16(b)(1)(C).  According to Afremov, it would be unfair to allow the prosecution an August 3, 2007 deadline for exhibit lists, as prescribed in the proposed scheduling order, while imposing on the defense a July 9, 2007 deadline for its exhibit lists.  The government responds that it had already produced its discovery under Rule 16(a)(1)(E) at the time of the hearing before the Magistrate Judge, and that it has no obligation to produce "exhibit lists" under that provision.

Although the Magistrate Judge granted Afremov's motion for a pretrial scheduling order, the relevant discovery deadlines are set forth in the Order itself, and not in Afremov's proposed order.  As discussed above, the prosecution averred that it had

---

[4] As such, any subsequent determination that the prosecution has not produced such documents or categories of documents in contravention of its Rule 16 obligations could constitute a failure to comply under Rule 16(d)(2).

complied with all of its Rule 16 obligations. Accordingly, the Magistrate Judge set a July 9, 2007 deadline for the defendant to provide discovery under Rule 16(b). The Court cannot conclude that the Magistrate Judge's scheduling order was clearly erroneous or contrary to law. The defendants must produce their Rule 16(b) discovery in accordance with the Magistrate Judge's Order. When the Court issues its Order establishing a date certain for trial, following the latest order granting continuance, the parties should, if necessary, meet with the Magistrate Judge to determine whether an additional pre-trial scheduling order is needed.

**III.   PROSECUTION'S MOTION FOR DISCOVERY**

The prosecution objects to a portion of the Magistrate Judge's Order denying its motion for discovery. The prosecution seeks both notice and relevant documents with regard to a potential "advice of counsel" defense. According to the prosecution, Afremov invoked the advice of counsel as a defense by stating in prior submissions to the Court that defendants had memorialized certain transactions and filed amended tax returns "after consultation with their counsel." (Def. Afremov's Mem. dated Feb. 26, 2007, at 4.) The prosecution argues that Afremov is seeking to use the attorney-client privilege both as a sword and as a shield.

As a general matter, the assertion of an advice of counsel defense constitutes a waiver of the attorney-client privilege with respect to "communications and documents relating to the advice." *Minn. Specialty Crops, Inc. v. Minnesota Wild Hockey Club*, 210 F.R.D. 673, 675 (D. Minn. 2002). However, Afremov represented during oral argument that he has not asserted an advice of counsel defense. Based on these representations, the

Magistrate Judge ruled that Afremov had not waived his attorney-client privilege and was not required to make Rule 16(b) disclosures with respect to his communications with counsel. The Court agrees. While Afremov's earlier pleadings alluded vaguely to consultations with counsel, Afremov has represented that he is not asserting an advice of counsel defense. At this time, then, Afremov has no obligation under Rule 16(b) to produce the discovery sought by the prosecution, which remains protected by the attorney-client privilege. Nor does the prosecution have a right to notice from the defense that it intends to assert an advice of counsel defense at trial. *United States v. Espy*, 1996 WL 560354, at *1 (E.D. La. Oct. 2, 1996) (finding "no caselaw to support [the prosecution's] proposition that a defendant must notify the government if he intends to rely on the advice of counsel defense").

The Magistrate Judge's Order was not clearly erroneous or contrary to law. The Court therefore affirms the Order and denies the prosecution's motion.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's June 25, 2007 Order [Docket No. 140] is **AFFIRMED.** The rulings in the Order were as follows:

1. The prosecution's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, and 26.2 [Docket No. 16] is **DENIED as moot**.

2. The prosecution's Motion for Discovery or, In the Alternative, Motion to Preclude [Docket No. 55] is **DENIED as moot**.

3. Afremov's Motion for a Bill of Particulars [Docket No. 92] is **DENIED**.

    4.    Afremov's Motion for An Evidentiary Hearing and Protective Order [Docket No. 95] is **DENIED**.

    5.    Afremov's Motion for an Order for Pretrial Scheduling Order [Docket No. 99] is **GRANTED**.

    6.    Afremov's Motion for Leave to File Additional Motions [Docket No. 103] is **DENIED without prejudice**.

    7.    Afremov's Motion to Compel Production of *Brady* and Rule 16 Materials [Docket No. 108] is **DENIED as moot**. The prosecution shall produce the requested *Giglio* information no later than one week prior to trial as stated in the Magistrate Judge's Order.

    8.    Defendants' Joint Motion to Designate Case as Complex [Docket No. 28] is **DENIED as moot**.

DATED: August 27, 2007             s/ John R. Tunheim  
at Minneapolis, Minnesota.            JOHN R. TUNHEIM  
                                          United States District Judge