## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-196 (JRT/SRN) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| MICHAEL ROMAN AFREMOV, FREDERICK JAMES FISCHER, and FOREMOST MACHINING COMPANY, INC., | |
| Defendants. | |

Joseph T. Dixon, III, and Henry J. Shea, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Joseph G. Petrosinelli and Craig D. Singer, **WILLIAMS & CONNOLLY L.L.P.**, 725 Twelfth Street NW, Washington DC, 20005; for defendant Michael Afremov.

Ronald I. Meshbesher, **MESHBESHER & SPENCE, LTD**, 1616 Park Avenue South, Minneapolis, MN 55404; Kevin J. Short, **SHORT LAW FIRM**, 150 South Fifth Street, Suite 3260, Minneapolis, MN 55402; for defendants Frederick Fischer and Foremost Machining Company, Inc.

This matter is before the Court on defendant Michael Afremov's objections to the Order of United States Magistrate Judge Susan R. Nelson dated August 16, 2007.  For the reasons set forth below, the Court affirms the Magistrate Judge's Order.

**BACKGROUND**

Defendants were indicted on multiple counts of mail fraud, conspiracy, money laundering, and false tax returns. On June 25, 2007, the Magistrate Judge issued an order setting deadlines for the parties' expert disclosures and denying Afremov's motion to compel *Brady* and Rule 16 materials. This Court affirmed the Magistrate Judge's order.

On August 3, 2007, Afremov filed a motion to compel the prosecution to produce copies of grand jury transcripts, interview memoranda, and agent notes to the extent they contain *Brady* or *Giglio* material. The prosecution subsequently filed a motion to compel defendants' expert disclosures and to suspend the August 20, 2007 deadline for disclosure of the prosecution's rebuttal expert testimony.

The Magistrate Judge denied Afremov's motion to compel, finding that the prosecution is not required to produce copies of *Brady* materials, but that the prosecution had indicated nonetheless that it would provide the requested materials one week before trial, consistent with the Magistrate Judge's scheduling order. The Magistrate Judge granted the prosecution's motion to compel the defendants' expert disclosures, ordering defendants to produce expert reports by August 24, 2007 and setting an August 31, 2007 deadline for the prosecution's rebuttal expert testimony. Afremov filed these objections.

**ANALYSIS**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive discovery matters is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse

such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

## I.    AFREMOV'S MOTION TO COMPEL

Afremov first argues that the Magistrate Judge erred in denying his motion to compel production of copies of grand jury transcripts and interview memoranda. Afremov suggests that the prosecution's refusal to allow copying of these documents is aimed solely at frustrating Afremov's ability to prepare for trial.  Under Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, the prosecution must permit the defendant to inspect and copy books, papers, documents and other objects.  However, internal government documents and grand jury transcripts are specifically exempted from this general requirement.  Fed. R. Crim. P. 16(a)(2), (3).  Further, there is no requirement that a party be afforded copies of *Brady* materials in advance of trial where a defendant is aware of the substance of those materials.  *See United States v. Wadlington*, 233 F.3d 1067, 1076 (8th Cir. 2000) (finding that prosecution did not violate *Brady* by withholding witness interview notes from the defense where the defense was already aware of the substance of the witnesses' exculpatory statements).

While the prosecution has maintained throughout pretrial discovery that the grand jury transcripts and interview memoranda contain no *Brady* materials, it has nonetheless afforded Afremov an opportunity to inspect the disputed materials.  The prosecution has further averred that it will disclose all grand jury transcripts and interview memoranda in accordance with the Magistrate Judge's June 25, 2007 order.  The Court finds that these actions comply with the Federal Rules and with the terms of the Magistrate Judge's

June 25, 2007 order, and concludes that the Magistrate Judge's Order denying Afremov's motion to compel is not clearly erroneous or contrary to law.

## II.   PROSECUTION'S MOTION TO COMPEL

Afremov next argues that the Magistrate Judge erred in granting the prosecution's motion to compel expert disclosures.  According to Afremov, his expert disclosure obligations under Rule 16 are reciprocal to the disclosures made by the prosecution. Afremov argues that because his expert disclosures are no less detailed than those provided by the prosecution, the Magistrate Judge erred in granting the prosecution's motion to compel.

Under Rule 16(b)(1)(C), if the defendant requests from the prosecution disclosure of expert witnesses, "[t]he defendant must, at the government's request, give to the government a written summary of any testimony" the defendant intends to use at trial. The summary must describe "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. R. Crim. P. 16(b)(1)(C).  These Rule 16(b) disclosure requirements are reciprocal.  *See United States v. Medearis*, 380 F.3d 1049, 1057 (8th Cir. 2004).  Afremov points to the prosecution's expert disclosure of an Internal Revenue Service agent, arguing that the disclosure fails to specify actual opinions or the bases for those opinions.  While the Magistrate Judge made no specific finding regarding the adequacy of the prosecution's disclosure,[1] the Court notes that the

---

[1] Indeed, Afremov challenges the adequacy of the prosecution's Rule 16(b) disclosures for the first time in these objections to the Magistrate Judge's Order granting the prosecution's motion to compel.

disclosure provides a fairly detailed summary of the agent's expected testimony regarding tax obligations and specific items of income at issue in the case, in addition to summary charts calculating Afremov's tax obligations and payments. As such, the Court is not convinced that the prosecution's expert disclosure is inadequate under Rule 16(b)(1)(C).

Even if it were, however, the shortcomings of a single expert disclosure would not eliminate Afremov's general obligation under Rule 16(b) to provide an adequate summary of expert disclosures concerning matters other than tax reporting obligations. Afremov has notified the prosecution that it may call numerous experts on issues like computer forensics, corporate governance, and pricing methodology, topics well beyond the scope of taxes and accounting. The Magistrate Judge's ruling was based on a determination that at least some of these expert disclosures were inadequate. In its response to Afremov's objections, the prosecution points specifically to the disclosures of experts Marc Courey and Neil Lapidus as examples of the shortcomings of Afremov's expert disclosures. Based on a review of these expert disclosures, the Court finds that the disclosures do not "describe the witness's opinions [and] the bases and reasons for those opinions" under Rule 16(b)(1)(C). As such, the Court concludes that the Magistrate Judge's determination that the disclosures were inadequate is not clearly erroneous or contrary to law.

Afremov also argues that the prosecution should specify which expert disclosures it contends are inadequate. The Magistrate Judge did not identify any particular expert disclosures that failed to satisfy the requirements of Rule 16(b), and the prosecution

concedes that many of Afremov's expert disclosures are adequate.  For these reasons, the Court finds that the prosecution should provide Afremov with a list of expert disclosures the prosecution contends are inadequate under Rule 16(b).  The prosecution should provide such a list within 10 days of the date of this Order.  Afremov should then provide the Rule 16 disclosures requested by the prosecution within 10 days of receiving the prosecution's request.  The Court will hold a status conference in November to discuss the scheduling issues raised by the parties in recent letters submitted to the Court.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **AFFIRMS** the Magistrate Judge's Order dated August 16, 2007 [Docket No. 179] denying Defendant Afremov's Motion to Compel [Docket No. 156] and granting the prosecution's Motion to Compel [Docket No. 177].

The prosecution should provide a list of requested Rule 16 disclosures to Afremov within 10 days of the date of this Order.  Afremov should provide the Rule 16 disclosures requested by the prosecution within 10 days of receiving the prosecution's request.

DATED:   October 30, 2007  
at Minneapolis, Minnesota.

              s/ John R. Tunheim  
              JOHN R. TUNHEIM  
              United States District Judge